IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY BERNARDLY JONES | : | CIVIL ACTION |
| | : | |
| v. | : | No. 11-0860 |
| | : | |
| BRIAN CORBIN, et al. | : | |

<u>**MEMORANDUM**</u>

**Juan R. Sánchez, J.**                                                                                                    **March 26, 2014**

      Petitioner Anthony Bernardly Jones asks this Court to vacate his conviction and sentence pursuant to 28 U.S.C. § 2254. In his Report and Recommendation, Judge L. Felipe Restrepo recommends denying Jones's habeas petition. Jones's objections to the Report and Recommendation raise no issues that would cause this Court to disturb Judge Restrepo's conclusion that Jones's petition should be denied because the state court's adjudication of Jones's claims did not "result[] in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." *See* 28 U.S.C. § 2254(d)(1). Jones's objections will be overruled, and the Report and Recommendation will be adopted.

**FACTS**

      On March 9, 2004, Jones was convicted of, inter alia, two counts of persons not to possess a firearm, pursuant to 18 Pa. Cons. Stat. Ann. § 6105, based on his possession of two different firearms. After unsuccessfully appealing his conviction, Jones timely filed a Post Conviction Relief Act (PCRA) petition on March 13, 2006, asserting his state court conviction and sentence to two consecutive terms of imprisonment for these offenses violated the double jeopardy clauses of the United States and Pennsylvania Constitutions, which "protects a defendant in a criminal proceeding against multiple punishment or repeated prosecutions for the

same offense." *United States v. Leppo*, 641 F.2d 149, 152 (3d Cir. 1981). The PCRA court denied relief, and on August 4, 2010, the Pennsylvania Superior Court affirmed, finding the "Legislature's use of the indefinite article 'a' in the definition of the proscribed conduct makes it clear a person who is prohibited from possessing a firearm under section 6105 violates 6105 for each firearm possessed." *Commonwealth v. Jones*, 2 A.3d 650, 654 (Pa. Super. Ct. 2010). The Superior Court concluded Jones's possession of each firearm "constituted a separate act of possession for purposes of section 6105, each subjecting Jones to separate prosecutions and separate sentences," and there was thus no double jeopardy violation. *Id.* at 655. Jones timely filed the instant federal habeas petition on February 3, 2011, alleging his consecutive sentences violated the constitutional protection against double jeopardy.

**DISCUSSION**

Pursuant to 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996, an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court shall not be granted to any claim adjudicated on the merits in a state court proceeding unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). In addition, "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." *Id.* § 2254(e)(1). The Supreme Court has also made clear "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

Because Jones failed to rebut by clear and convincing evidence the presumption that the state court's factual determinations were correct, and in deference to the state court's interpretation of the applicable state statute, Judge Restrepo concluded the state court reasonably found Jones failed to demonstrate a violation of the double jeopardy clause, and its decision was not contrary to and did not involve an unreasonable application of clearly established federal law.

Jones objects to the Report and Recommendation on the basis that he was not given an opportunity to file either a memorandum of law in support of his habeas petition or a traverse in response to the Respondents' answer to his petition. He claims if given the opportunity to file these responses, he could demonstrate his constitutional rights were violated.

Pursuant to the local rules regarding habeas petitions, a "[p]etitioner must file, not later than sixty (60) days after the date of filing of the petition, a memorandum of law in support." Local Civ. R. 9.4(3). Further, any reply to a respondent's answer "must be filed within twenty-one (21) days of the filing of the response." Local Civ. R. 9.4(7). Jones filed his application for habeas relief on February 3, 2011, and Respondents filed an answer on March 16, 2011. Jones claims on March 17, 2011, the state began moving him between jails because he eventually had to be moved to a federal jail to serve a federal sentence. On March 24, 2011, Jones filed with the Court both a notice of a temporary change of address (ECF No. 8) and a request to temporarily suspend all forms of litigation (ECF No. 7). (These requests were dated March 21, 2011.) In the latter request, Jones asserts he was in the process of transitioning from state custody into federal custody, and during that process he would be transferred through a few state prisons. He asked the Court to suspend litigation in the case until he arrived at federal prison. On September 14, 2011, Jones filed another notice of change of address (ECF No. 9) and a request to reinstate all forms of litigation (ECF No. 10). In this request he asserted there was a two-month delay in the

federal holdover due to an outbreak of chicken pox and after arriving at the federal jail, he had to wait for the arrival of his legal material.

Jones claims even though he informed the Court of his whereabouts, the Court did not review his requests to suspend and restart litigation, nor did the Court provide any updates on the status of his case. He contends the Court's negligence caused him to miss the opportunity to file a memorandum of law in support of his application for habeas relief and a traverse to the Respondent's answer.

Although the Court did not address these requests, Judge Restrepo did not issue his Report and Recommendation until May 20, 2013, almost two years after Jones's request to restart litigation. Because he filed his habeas petition on February 3, 2011, and his request to suspend litigation was dated March 21, 2011, a difference of forty-six days, Jones had fourteen days remaining to file a memorandum according the local rules. Therefore, even if the Court had, as Jones requested, "suspended" litigation on March 24, 2011, and "restarted" litigation on September 14, 2011, Jones's memorandum would have been due at the very latest on September 28, 2011. In addition, given that the Respondents filed an answer on March 16, 2011, if the Court had suspended and restarted litigation, Jones's reply would have been due October 4, 2011, because he would have had sixteen days remaining to file a reply to the answer after the litigation restarted. However, Jones did not file any memorandum or traverse, and in fact did not submit any documents to the Court until he filed his objections on May 30, 2013. Jones has not asserted anything prevented him from filing such documents once he requested the Court to restart litigation, and he had almost two years to file these documents. Furthermore, the Court is not required to keep Jones updated on the status of his case.

Moreover, Jones has not demonstrated that if he were given the opportunity to file a memorandum and traverse, he would raise any issue that would cause the Court to disagree with Judge Restrepo's analysis. Jones's attempt to differentiate the two circuit court cases mentioned in the Report and Recommendation from his case does not persuade the Court that the state court's decision was contrary to or involved an unreasonable application of clearly established federal law. A federal court must defer to the state court's interpretation of its own state laws, and the state court in this case, upon review of legislative intent, found that the statute at issue creates a separate offense for each firearm possessed. *Jones*, 2 A.3d at 654. Because Jones was convicted of illegal possession of two different firearms, he did not receive multiple punishments or undergo repeated prosecutions for the same offense in violation of his protection against double jeopardy.

An appropriate order follows.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.